SCHREIBER TRUCKING COMPANY
v.
RAIL TRAILER COMPANY.

CHICAGO EXPRESS, INC.
v.
RAIL TRAILER COMPANY
and
Pennsylvania Railroad Company.

SCHREIBER TRUCKING COMPANY
v.
PENNSYLVANIA RAILROAD CO.
and
Rail-Trailer Company.
Civ. A. Nos. 24855, 24856, 26323.

United States District Court
E. D. Pennsylvania.

May 17, 1961.

Albert C. Gekoski, Philadelphia, Pa., for Schreiber Trucking Co. and Chicago Express, Inc.

Alan J. White, Freedman, Landy & Lorry, Philadelphia Pa., for Schreiber Trucking Co. in case No. 26323.

Horace Michener Schell, Philadelphia, Pa., for Rail Trailer Co.

William H. Lowery, Philadelphia, Pa., for Pennsylvania R. Co.

GRIM, District Judge.

This is a motion to consolidate the above-captioned three actions. The actions were brought to recover for damage to highway trailers and their cargoes caused by a fire at the Pennsylvania

Railroad's Kensington yard in Philadelphia in August of 1957.

The motion to consolidate was made by the attorney for the plaintiffs in the first two actions. It was made under F.R.Civ.P. 42, 28 U.S.C., which permits a consolidation and joint trial of actions involving a common question of law or fact.

■ The complaints in the first and second actions (Nos. 24855 and 24856) were endorsed "Jury Trial Waived by Plaintiff." The complaint in the third action (No. 26323) was endorsed "Non-Jury" as was the answer to the complaint. There was no demand by any defendant for a jury trial. It is clear that all three actions will be tried without a jury, F.R.Civ.P. 38(b). Plaintiff in the first two actions attempted to place the cases on the jury trial list but this application was denied by the court. Counsel for plaintiff in the third action has filed an order with the clerk of the court ordering the third action placed on the jury trial list. This application also will be denied by the court.

Defendants oppose the motion to consolidate the three actions because of the complexities which would arise from joining jury and non-jury actions for trial. This is based upon the belief that the first two actions will be tried non-jury while the third will be tried before a jury. As has been pointed out, this belief is incorrect since all three actions will be tried non-jury.

■ Defendants contend that the consolidation should be refused also because the only fact common to all three cases was the negligence, if any, in the starting of the fire and that there are a number of other questions of fact which are not common to all three actions. Since there is a question of fact which is common to all the actions (the negligence in starting the fire) that is sufficient to make a consolidation possible. That there are other questions which are not common to all the actions does not remove the right to consolidate. The trial judge will be able to decide the questions created by these other problems during the course of the trial. The consolidation will probably make the trial judge's understanding of the whole problem better than it would be otherwise.

Order.

And Now, May 17, 1961, the motion to consolidate Civil Actions Nos. 24855, 24856 and 26323 is granted.